[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 19, 2005
THOMAS K. KAHN
CLERK

No. 04-15254
Non-Argument Calendar
_____

BIA No. A79-345-993

LUZ MILA AGUDELO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

**(July 19, 2005)**

Before ANDERSON, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Luz Mila Agudelo, through counsel, petitions for review of the Board of

Immigration Appeals' ("BIA's") affirmance of the immigration judge's ("IJ's")

removal order. On appeal, Agudelo argues that she provided substantial evidence

to establish her asylum claim because: (1) she suffered past persecution on account

of her religious beliefs at the hands of the Revolutionary Armed Forces of Colombia ("FARC"); and (2) she has a well-founded fear of persecution because "she posssess[es] the characteristic of strong religious beliefs," which she used to discourage young people from joining FARC.

Agudelo states that FARC began to threaten her in 1993 because she spoke to young people as part of her church and tried to stop them from joining the FARC. She states that the she left Columbia in January 2002 because of FARC. According to Agudelo, "people cannot safely relocate [within Colombia] if they are targeted by the FARC," thereby demonstrating that the threat of persecution exists for her on a country-wide basis.

The IJ found that Agudelo had failed to meet her burden of proof in establishing either past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. The IJ noted that Agudelo failed to establish that she had ever been harmed or that there is reason to believe that she would be if she returned to Columbia. The IJ noted that there was reason to believe that Agudelo could safely live in another part of Colombia and that the level of her involvement with the church did not suggest that the FARC would seek her out three years after her departure.

We review the IJ's decision in this case, not the BIA's, because the BIA affirmed the IJ's decision without an opinion, thereby making the IJ's decision the final agency determination. See Mendoza v. U.S. Attorney. Gen., 327 F.3d 1283, 1284 n.1 (11th Cir. 2003). The IJ's factual determination that an alien is not entitled to asylum "must be upheld if it is supported by substantial evidence." Mazariegos v. U.S. Attorney Gen., 241 F.3d 1320, 1323 (11th Cir. 2001). Under this highly deferential standard of review, a denial of asylum may be reversed only if the evidence would compel a reasonable fact finder to find that the requisite fear of persecution exists. INS v. Elias-Zacarias, 502 U.S. 478, 481 n.1, 112 S.Ct. 812, 815 n.1 (1992).

Substantial evidence supports the IJ's decision denying asylum. The IJ noted that her testimony was very vague and lacking in specificity as to her activities and threats that she received. The IJ noted that the only supporting documentation she offered was a letter from a parson in a different parish and town than Agudelo stated she was involved in. We discern nothing that would compel a reasonable fact finder to find that the requisite fear of persecution exists. Accordingly, we deny her petition for review.

**PETITION DENIED**.

3